Thank you Judge Dennis. May it please the court. There are two paths to reverse and one of those would be to hold that the defendants are entitled to qualified immunity. Mr. Lempar has not cited any cases that would place the defendant's conduct beyond debate, which is the relevant standard. Moreover, the record shows that the defendant's conduct was objectively reasonable. Our brief maps out that full analysis. Alternatively, under Pearson v. Callahan, the court can instead hold that Mr. Lempar has failed to put on evidence to establish a constitutional violation. The complaint before the court contains 16 paragraphs and I think it's helpful to divide the allegations in this case into two categories. The first category is allegations against Dr. Juli. The second category is allegations against other defendants who are not specified in these 16 paragraphs of the complaint. I'll walk through those as the allegations against Dr. Juli specifically. Boiled down, there are really two core allegations against Dr. Juli. The first concerns the H.S.M. 18 form and Mr. Lempar's work assignment in the textile mill as a weaver's apprentice. The second concerns Dr. Juli's alleged role in a transfer to a facility that Mr. Lempar did not Mr. Lempar claims that Dr. Juli retaliated by failing to update the H.S.M. 18 form to restrict Mr. Lempar's work assignment. Mr. Lempar alleges that as a result, he was assigned to work in a textile mill and he says that aggravated his medical condition. I'd like to highlight four reasons why Dr. Juli should win summary judgment. First, to the extent that Mr. Lempar's work assignment is related to medical diagnoses, Mr. Lempar has offered nothing to overcome Dr. Juli's medical judgment. A doctor's decision about whether an inmate requires work restrictions is the product of professional medical judgment. Mr. Lempar has not offered anything to defeat that. He points to the sedentary work to which he was assigned, working as an apprentice in the textile mill. Dr. Snyder's affidavit indicates that his care was, quote, suboptimal, but there's nothing about the relevant work assignment. And, of course, the Constitution does not prescribe suboptimal treatment. Second. I'm a little confused by what's left in this case. It was severed and we affirmed the rejection, the dismissal of all the claims on deliberate indifference and medical conditions. So is this just a case involving retaliation claims? Yes, Judge Costa, that's correct. The district court – there was initially one complaint filed. The district court severed it into two separate lawsuits. And, Judge Costa, you're correct that two years ago this Court affirmed the dismissal of all deliberate indifference claims. But so what you're just saying about this assignment, of course, I don't think there's a claim before us that the assignment was somehow cruel and unusual punishment or anything like that. I mean, the only claim is that she did this – that we should consider is that she did this in retaliation for his filing complaints within the prison system. That's correct. That's the lawsuit before the Court now. It's the 16 paragraphs in the complaint alleging retaliation. The second item I'd like to highlight on the H.S.M. 18 form is that Mr. Lempar has offered nothing to demonstrate that Dr. July's failure to update the H.S.M. 18 form was not due to simple carelessness or neglect. This Court has held that medical negligence, even medical malpractice, does not give rise to liability under Section 1983. Now, Mr. Lempar offers a cite to page 1350 of the record showing that a different hospital discharge form completed by a different provider did include a note to update the H.S.M. 18 form. But the fact that a different nurse included a note about that does not establish that Dr. July violated it. Can't rule on the merits of this retaliation claim, can we? Are we going to have to remand this for the district court to give us the facts? No, not at all, Judge Dennis. I think it is. No. This Court can reverse and render judgment. This is the appeal of the denial of qualified immunity at the summary judgment stage. This Court has held that it has jurisdiction in that context so long as we take the nonmovance plausible allegations as true. I know we have jurisdiction, but we have, in cases like this, we have remanded and asked the district to direct the district court to tell us what the scenario or facts was that he denied. Is this the one where he denied summary judgment? Yes. He denied our motion for summary judgment, Judge Dennis. But a number of cases we have remanded and asked the district court to, you know, give us a scenario or the facts as he saw them that required a denial of summary judgment. Judge Dennis, the court certainly could do that. It certainly could remand to the district court and ask for the summary judgment. What's the difference between this case and the others where we have done that? Because there's no need to do that in this case, Your Honor. The record is clear that the defendants are entitled to summary judgment. There's no cases that put their conduct beyond debate. And if you take Mr. Lempar's facts in his favor, there's still no plausible allegation that there's a constitutional violation. This Court can decide that as a matter of law. But what you're saying, I mean, clearly all the medical negligence isn't a constitutional violation. Everything you're saying is correct in terms of a deliberate indifference Eighth Amendment standard. But if she's doing this, these assignments and everything else in retaliation for his protected conduct of filing complaints, then it is unlawful, and that's clearly established. So it's all really a motive question, isn't it? Well, I think the case to look at, Judge Costa, is the McDonald v. Stewart case, which is discussed in the briefs. That lays out the legal standard for showing retaliation. There are several cases cited that discuss the standard that they have to meet. There's the Fabella case, Johnson v. Rodriguez, Woods v. Smith. These cases all are. So what part are you saying they can't meet? Well, it depends on the specific claim. But really what they can't meet is the causation prong. This Court has held that you must produce direct evidence of motivation or a chronology of events. He has not done that in this case. That's what I'm saying. It's all about our motive. It's not about whether this was medical negligence or gross medical misconduct. It's all about why did she do this? Because he just is part of her regular job, or was she doing it to get back at him? I mean, that's what it boils down to. I suppose that's correct, Judge Costa, with one caveat, which is that courts will routinely look in qualified immunity cases for whether the conduct can be explained by a more plausible lawful purpose. In this case, something like medical negligence, medical judgment is sufficient to defeat summary judgment. You've seen the Supreme Court do that in cases like Wood v. Smith and other cases like that, or Wood v. Moss, excuse me. Well, on this question of motive, what about this statement he cites that we asked him for a record cite about Sergeant Gutierrez saying that Dr. Giulie had it in for him? Doctor, that does appear in the record at page 1086. That is Mr. Lempar's sworn affidavit. A couple points on that, Judge Costa. First, this is hearsay. It's not competent summary judgment evidence, and thus it cannot create a fact issue that would be sufficient to deny summary judgment. And we fully preserve that objection. We objected to that quote from Sergeant Gutierrez in the district court proceedings as hearsay. But even if it weren't hearsay, Judge Costa, even if it were somehow not hearsay, it's still not sufficient under the McDonald standard that we talked about a moment ago. That's not direct evidence. On hearsay, couldn't it be admissible as a statement by the agent of the party opponent? I'm not sure that it would be admissible that way, Your Honor. We haven't briefed that point. We'd be happy to submit another brief discussing the hearsay issue. But even if it weren't hearsay, let's say that Sergeant Gutierrez had submitted an affidavit saying that he said that or something along those lines, it's still not sufficient under the McDonald standard, which requires direct evidence. This is an ambiguous comment. We don't know just based on the comment that Dr. Giulie intended to retaliate. Moreover, we have here a single, isolated comment. That does not establish a chronology from which you can infer a retaliatory motive. Based on the question for the jury. This Court has decided these questions as a matter of law, whether something is sufficient to constitute direct evidence or not. You were talking about a question of fact. No, Your Honor. There's no question of fact here. We submit that as a matter of law, that one comment is not sufficient to overcome the McDonald standard. It's not a question of fact, Your Honor, because even if we take it. Oh, the old one-comment rule. I'm sorry, Justice Sotomayor? The old one-comment rule. I'm kidding. I wasn't aware of that rule. No, it's — I don't mean to suggest that there's a one-comment rule. What I do mean to suggest is that there's no fact dispute, because we're happy to take that fact as a given and say, for the purposes of this appeal, that even if that statement was made by Sergeant Gutierrez, we still are entitled to summary judgment under the McDonald standard. That's why there's no fact dispute, Judge Dennis. Doesn't he also have some chronology evidence? Because July 7th is when — well, a lot of this conduct he complains about is within a few days of his protected activity, he's claiming, and that can also be considered. You don't just need direct evidence, right? According to McDonald, I think you do need direct evidence or a chronology of offense that would give rise to a retaliatory motive, but he hasn't done that because all of Dr. July's conduct is properly explained as medical judgment. That's what this Court has held in other cases. In fact, two years ago, this Court rejected Mr. Lempar's allegations as conclusive and speculatory. We have hard evidence in the record showing that medical judgment supported Dr. July's actions. That's why they can't give rise to a retaliatory motive. Is there evidence that she knew he even filed these complaints? Did she know about the complaints he filed? Because if she didn't know about it, then it couldn't be retaliation, right? I believe he has alleged that she knew about the complaints, but I don't believe there's any evidence apart from his own allegations that she knew about the complaints. The second major allegation against Dr. July concerns her alleged role in a prison transfer. Mr. Lempar was transferred from Estelle to the Beto I Infirmary on December 16, 2009. He claims that Dr. July was behind this transfer and that it was retaliatory and that he is injured because Beto I is more, quote, dangerous. I'd like to highlight just two reasons why defendants should win summary judgment. First, Mr. Lempar does not have the right to a prison of his choosing. To prevail on his claim about a more dangerous prison, he has to show the denial of basic human needs or an obvious and substantial risk of serious harm to his health and safety. That's the Woods case. He's made no effort to do so here. There's nothing in the record showing that Beto I falls into that category. Second, once again, the assignment to our particular medical facility is done in accordance with medical judgment. Page 1378 of the record reflects that just before his transfer to Beto I, his wound was, quote, almost healed. Now, the standard U.R. process, the utilization review process conducted by the Unit Classification Committee concluded that he no longer needed the advanced medical services that you can get at Estelle RMF. The services available at Beto I as a matter of medical judgment were sufficient. And page 31 of our brief walks through that analysis with the relevant record sites. Mr. Lempar, again, has offered nothing to rebut that medical judgment. Finally, moving away from Dr. July, the second category, broad category of allegations this complaint presents are generalized allegations against multiple defendants related to medical care. And these allegations, which are set out in four of the 16 paragraphs in the complaint here, Mr. Lempar alleges that he didn't receive the type of medical treatment he wanted, and he believes that was the result of retaliation. This is where he refers to things like medical showers, KOP medication, antibiotics, et cetera. Two reasons I'd like to highlight why the defendant should prevail. First, once again, Mr. Lempar points to no case law establishing that he has the right to his preferred course of treatment and the medications he would prefer. And again, this Court has held that even medical malpractice does not give rise to liability under 1983. Second, the same reasoning that led this Court to affirm the dismissal of Mr. Lempar's deliberate indifference claim two years ago resolves these same medical complaints today. Reviewing the same evidence two years ago, this Court held that his allegations were, quote, subjective and, quote, not borne out by the medical evidence. He presented only a disagreement over the treatment he received. And, of course, medical disagreements are not cognizable. The record confirms that this Court was correct two years ago. Mr. Lempar declined recommended treatment on numerous occasions. Page 168 of the record, for example, reflects his refusal to transfer to the UT Tyler facility that would better treat his wound. Other sites in the record, 196, 214, 223 reflect that refusal. He's complained about inadequate care, but when he was offered better care, he turned it down. If there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. You may do so. Mr. Ahmed? Thank you. May it please the Court. The Court is correct that this is a pattern of conduct on the part of Dr. July that began. The chronology is just scorching when it comes to demonstrating a retaliatory intent on the part of Dr. July. And this is not a medical issue. Mr. Lempar is not, in this case, is not complaining that he received inadequate treatment, as the Court pointed out. This is a retaliation claim, primarily on the part of Dr. July and the other defendants. There were numerous orders that appear in the record, 1350, 1356, to medically unassign Mr. Lempar from work. Dr. July and the other medical staff refused to update his HSM-18 form, which would have prohibited him from working in the textile mill. And when he was working in the textile mill, the work that he was doing, inventory, standing, walking, all aggravated his medical condition, as demonstrated by the record. And when Dr. July submits an affidavit saying that she's not responsible for the assignment, that's not true. She is responsible in the sense that if she had properly updated his HSM-18 form, well, then he would not have been assigned to that work, aggravating his condition. And as the Court requested the citation, this is additional demonstration. Sergeant Gutierrez confirmed that Dr. July was responsible for reassigning Mr. Lempar to different cells. One was a segregated cell, in which Mr. Lempar could not get the adequate treatment that he was medically ordered to get. And so in retaliation for Mr. Lempar's grievances, which Mr. Lempar has an absolute right to file a grievance and have that reviewed. And in retaliation for that, Dr. July reassigned, which she has the authority to do, and it's in the record under the TDCJ policies. Medical staff can do that, as confirmed by Sergeant Gutierrez. And so there is a clear record of the retaliatory intent by Dr. July and others. Mr. Lempar filed grievances, although— When did he file the grievances? How close in time to the alleged adverse actions by the doctor? The adverse actions started, I believe, within 30 days from Mr. Lempar's first grievance, and that started the chain of grievance. Each time that Mr. Lempar— And what's the evidence that she knew about the grievances? Well, the evidence is—I think that Dr. July acknowledged knowing about the grievances, but just claims that it was not retaliatory. And that is straight out of Dr. July's affidavit. And when Mr. Lempar filed the grievance on Dr. July's conduct, as part of that procedure, Dr. July would have been notified, and so that is clear. And then the retaliation started almost immediately. He was not provided the medical equipment, medical care that he was ordered to have. He was reassigned to cells that would not allow him to get the proper care that he was supposed to receive. Dr. July removed the special baths that he was supposed to have. And so it is just a pattern that started, like I said, almost immediately after Mr. Lempar started filing his grievances. And Mr. Lempar, he followed the proper chain that he was supposed to do, filed his proper grievances. And to put this in perspective, as pointed out in the record, this was a very serious and painful condition that Mr. Lempar was experiencing. I mean, the sore on his buttock, it grew and grew and grew, and I think at one point became two inches deep into his body, and Mr. Lempar would have to change his bandages multiple times a day because they would become soiled and soaked with the pus that was being emitted from the body. And to ignore that was blatant retaliation and clearly a violation of Mr. Lempar's rights. And so that is the nature of the suit. Judge Hittner correctly denied summary judgment, found numerous fact issues for the jury, and to suggest that that denial was wrong, that is not right, Judge Hittner. But he didn't identify the fact issues, which normally in the appeals, if the district courts identify the fact issues, then it comes to us and we can say whether those fact issues would amount to a violation of clearly established law. So it sort of puts us in a difficult position here. Well, yes and no. In that sense, yes, but the fact issues for the jury are clear as set out by the record, by Mr. Lempar's testimony, the evidence that he's attached, and so it is plain on the record the fact issues that are to be resolved by the jury. And so I don't believe that you even need, the court would even need to remand to Judge Hittner for those types of findings. I think it is clear in the record. But even if the court were to find differently, as the court pointed out in response to the Attorney General's argument, the proper remedy would be to remand to the district court. But there really is no need. The denial of the summary judgment. You'll take a remand in lieu of losing, though, wouldn't you? I would take a remand in lieu of losing, yes. But there really is no need to remand. The court should affirm the court's denial of summary judgment and put these facts before a jury that can weigh the evidence and view each of the defendants' conduct and judge for themselves. You've talked about the doctor. What about all these other people you want to reach, though? I mean, the allegations aren't very clear there. Well, and understand that there are a number of defendants, and a number of those defendants were only relevant to the claim, the medical claim, that was severed. Right. So what do you think is left? Well, with respect to the retaliation claim and how Judge Hittner severed it, the primary defendants are Dr. July and then Mr. Williams who failed to or Ms. Williams who failed to take action on the grievance. And that is really one of the most offensive aspects to the case, that these grievances were filed by Mr. Lempar and they just went ignored, completely unresponded to. And that was at the fault of Ms. Williams and the others, Mr. Livingston, Mr. Murray, Vincent Walker-Adams, and Hightower. And with respect to two other defendants, Pearson and Egan, they're responsible. They, along the lines of Dr. July, failed to follow the medical orders, cut Mr. Lempar's medication improperly. And Ms. Egan, Dr. July had ordered, medically ordered Mr. Lempar to have a cane to assist him with walking because of the seriousness of his injury. And Ms. Egan took the cane, even though it was medically ordered. And so in addition to Livingston, Murray, Vincent, Walker-Adams, and Hightower, the other defendants would be Dr. July, Ms. Williams, Ms. Pearson, and Ms. Egan. And then the other defendants, and I think they would have, at the time of our pretrial conference, we would have resolved those issues, like I said, because they were named in both claims. And after they're severed, we think that only these ten defendants are the ones who are appropriate now. And so Judge Hittner clearly had it right, saw the issues that are to be resolved by a jury, denied summary judgment on that basis, set the matter for trial, which is where this case belongs. And we think that the Court should affirm that denial of summary judgment so that we can proceed to trial in this case. And if the panel does not have any more questions, I think that concludes my side. Thank you, sir. Thank you. And Mr. Hawkins, you have five minutes in rebuttal. Thank you, Judge Dennis. Just a couple of points in rebuttal. Judge Costa, you asked me a moment ago during our exchange whether there was evidence in the record that Dr. July knew about the grievances. I said I wasn't sure. Counsel represented that that's in her affidavit. Counsel may be correct. I'm not sure. I don't have the affidavit in front of me, so I wanted to just make sure that was clear on that point. It may be in her affidavit. At any rate, of course, that wouldn't affect the outcome of this case. Second, I just wanted to highlight that it sounds like the parties agree that there's no need for a remand to the district court to explain its reasoning in denying summary judgment. I took counsel to be making that point, and I'm making that point, too. I take that to indicate that there's no dispute, that this Court has jurisdiction, and that the Court can look at the summary judgment evidence, the record before it, and conclude this case is a matter of law. And then my third and final point concerning the other defendants. I took Mr. Lempar's counsel a moment ago to be conceding that this Court cannot affirm. I took him to be conceding that, at a minimum, the Court must reverse and grant summary judgment as to a number of defendants. I'm not even sure how many, based on counsel's comments, but it sounded like counsel admitted that several of them are not even in this case. The district court's order, if allowed to stand, will result in a trial against 24 defendants. We don't even know what some of them did, because they're not mentioned in the 16 paragraphs of the complaint before this Court. Some of the defendants. And why do you think they're in the case? I mean, Judge Hittner severs the case. He says only these allegations, these paragraphs are in this case. So I would think people not named in those paragraphs are not in the case. It's confusing. That's part of the problem here. I would happily accept that outcome, Judge Costa, if the Court were to say that when the district court severed the complaint, then the only defendant left is Dr. July, because the 16 paragraphs, the only defendant mentioned is Dr. July. In the briefs, they've mentioned some additional defendants, but Dr. July is the only one in those 16 paragraphs. Why was it severed? It just seems like it's made this case go on forever and created confusion. The district court's order spoke to the PLRA and the three strikes rule and indicated that I think there was some mention that in the district court's experience, sometimes prisoners would file bloated complaints that included way too many allegations. To prevent multiple strikes. Yes. The district court mentioned something about that in the order. I don't have the language in front of me, but I think it was something along those lines. A few of the defendants who my colleague on the other side did mention, for example, should not be in this case anymore. He mentioned Defendant Hightower. He's seeking injunctive relief against Defendant Hightower. Mr. Lampar is no longer in prison. It's not clear how that claim would not be moved. Mr. Hightower is not a proper defendant in this case. At the very least, even if this Court thinks that there are material fact issues as to Dr. July, it should at a minimum grant summary judgment as to the other 23 defendants. Unless there are further questions. This case will be taken under advisement. Thank you. We will call the second case. For today, Ivan Arnold.